# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)* | )<br>)<br>)  Case No.  MR 24-671<br>)<br>)<br>) |

FILED
United States District Court
Albuquerque, New Mexico
_____
Mitchell R. Elfers
Clerk of Court

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
❒ evidence of a crime;
❒ contraband, fruits of crime, or other items illegally possessed;
❒ property designed for use, intended for use, or used in committing a crime;
❒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| | |

The application is based on these facts:

❒ Continued on the attached sheet.
❒ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Hardy
_____
*Applicant's signature*

_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
 Electronically submitted and telephonically sworn  *(specify reliable electronic means)*.

Date: 04/10/2024

/s/ B. Paul Briones
_____
*Judge's signature*

City and state: _____

_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br>2014 WHITE NISSAN TITAN BEARING VIN NUMBER 1N6AA0CC8EN520039 & NEW MEXICO LICENSE PLATE 076WZY CURRENTLY LOCATED AT NEW MEXICO STATE POLICE IMPOUND AT 1025 W NAVAJO ST., FARMINGTON, NEW MEXICO | Case No. _____ |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Lorraine Hardy, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application of Rule 41 of the Federal Rules of Criminal Procedure for a warrant authorizing the search for and seizure of electronically stored information from an Event Data Recorder (EDR), items related to alcohol consumption, illegal substances, drug paraphernalia, bottles, receipts of purchase, cans, and other items known to hold drugs or alcoholic beverages, child restraint devices(s), and photographs of the interior and exterior of the TARGET VEHICLE, as particularly described in Attachment B, within the white 2014 Nissan Titan truck, bearing VIN number 1N6AA0CC8EN520039 and New Mexico License Plate 076WZY , currently located at New Mexico State Police (NMSP) impound at 1025 w Navajo St., Farmington, New Mexico (the "TARGET VEHICLE"), a description of which is contained in Attachment A.

2. I am currently serving as an FBI Special Agent assigned to the FBI, Albuquerque Division, Farmington Resident Agency, where I primarily investigate crimes that occur in Indian

Country to include homicide, aggravated assault, child sexual assault, kidnapping and rape. I have been with the FBI for approximately 5 years. I have received on-the-job training from other experienced agents, detectives, Indian Country criminal investigators, and tribal police officers. My investigative training and experience includes, but is not limited to, processing crime scenes, conducting surveillance, interviewing subjects, targets, and witnesses, writing affidavits for and executing search and arrest warrants, examining cellular telephones, managing confidential human sources and cooperating witnesses/defendants, serving subpoenas, collecting and reviewing evidence, and analyzing public records. I have also responded to an investigated numerous vehicular homicide scenes where I have processed evidence relating to such crashes – collecting evidence from vehicles, from crash scenes, from electronic devices, and through interviews of victims, witnesses, and subjects, as well as working closely with crash reconstruction teams and their expert investigators.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## PROBABLE CAUSE

4. My basis for believing that evidence is located within the TARGET VEHICLE, including items related to drug or alcohol consumption, including illegal substances, drug paraphernalia, bottles, receipts of purchase, cans, other items known to hold drugs or alcoholic beverages, the presence of car seats and EDR systems technology, is as follows:

   a. On or about April 3, 2024, the Farmington Resident Agency of the FBI was notified of a three-car vehicle collision at approximately 5:00 p.m. at mile marker 3 on NR 36 in Shiprock, New Mexico, GPS coordinates 36.716405, -108.645401, which

resulted in the death of a seventeen-month-old infant, and injuring a three month old infant.

b. A witness (hereinafter referred to as L.B.), year of birth 1985, was traveling east on NR 36. As L.B. topped an incline he heard and observed a multi-vehicle crash in the road in front of him. L.B. stopped his vehicle and called 911. L.B. approached a blue Nissan (hereinafter referred to as the "second vehicle") passenger car to help render aid and saw a male sitting in the driver's seat. The man, later identified by law enforcement as T.J., year of birth 1976, stated he was ok so L.B. proceeded toward a white Nissan truck, the TARGET VEHICLE, where he heard a baby crying. The TARGET VEHICLE was upside down in the road and debris covered the roadway. As L.B. walked from the second vehicle to the TARGET VEHICLE he smelled the distinct odor of alcohol and noticed a white claw alcohol can nearby in the debris. L.B. observed a young female, later identified by law enforcement as Tris Begay (hereinafter referred to as BEGAY), laying on the ground outside the passenger side back window of the TARGET VEHICLE. BEGAY was conscious so L.B. proceeded to a toddler (herein after referred to as JANE DOE) lying face down behind the cab of the TARGET VEHICLE. L.B. pulled JANE DOE free tearing her onesie to extract her from the TARGET VEHICLE. L.B. observed a cut to JANE DOE's forehead but she was breathing. L.B. could still hear another baby crying inside the TARGET VEHICLE so he asked a bystander for assistance with JANE DOE. L.B. then observed an infant (hereinafter referred to as W.B.), year of birth 2023, in a car seat facing up, on the roof of the TARGET VEHICLE. L.B. removed W.B. from the TARGET VEHICLE. L.B. looked back inside the

TARGET VEHICLE and observed a male, later identified by law enforcement as Dewayne Blackie (herein after referred to as BLACKIE), year of birth 1987, on his hands and knees in the driver's area of the TARGET VEHICLE. A female, later identified by law enforcement as Jane Tyler (hereinafter referred to as TYLER), year of birth 1961, was on her hands and knees in the front passenger side of the TARGET VEHICLE. The fire department arrived and assisted in removing BLACKIE and TYLER from the TARGET VEHICLE. L.B. checked on JANE DOE and observed her turn blue and gasp for air. L.B. started CPR until the ambulance arrived. JANE DOE and W.B. were taken to Northern Navajo Medical Center (NNMC) in Shiprock for treatment. BLACKIE, BEGAY, and TYLER were also transported by ambulance to San Juan Medical Center (SJMC) in Farmington.

c. Officers with the Navajo Nation Police Department (NNPD) arrived on scene a short time after and observed the TARGET VEHICLE upside down in the west bound lane with significant damage. The second vehicle was observed sideways in the east bound lane and a brown Nissan Sentra (hereinafter referred to as the "third vehicle") was observed in the barrow pit on the south side of NR 36. Both vehicles had significant damage. The third vehicle had two occupants, a male who was later identified by law enforcement as the driver (hereinafter referred to as D.B.), year of birth 1984, and a passenger (hereinafter referred to as S. T.) year of birth 1982.

d. After an interview with D.B. it was learned that he and his girlfriend, T.S. had broken down the day prior and had pulled off the side of the road on NR 36. D.B. had called someone to come assist him with fixing the third vehicle. D.B. stated the

third vehicle had something wrong with the tire and was hard to turn as well as had a battery issue. D.B and T.S. waited all night and into the next day and no one came to help them. D.B. attempted to fix the tire himself and had the passenger side rear tire removed from the vehicle. At approximately 5:00 p.m. T.J. pulled up in the second vehicle and offered to help. D.B. asked T.J. if he could jump start the third vehicle. T.J. pulled in front of the third vehicle preparing to jump start it. D.B. could hear a vehicle coming and he looked up and saw the TARGET VEHICLE coming towards them heading east. D.B. believed the TARGET VEHICLE was accelerating due to the sound of the engine revving up. The TARGET VEHICLE struck the third vehicle from behind and pushed it off the road to the south. The TARGET VEHICLE then hit the front of the second vehicle spinning it around. The TARGET VEHICLE then skidded on its front end several times before flipping over and coming to a stop in the west bound lane. (D.B. provided the following sketch indicating the locations of each vehicle during the incident)



e. While on scene, I observed several white claw cans and a vodka bottle in the rubble from the damaged vehicles. I also observed a torn onesie with what appeared to be blood on it near the rear of the cab of the TARGET VEHICLE where L.B. has previously indicated he found JANE DOE. The white claw cans, Vodka bottle and torn onesie were collected as evidence and both the TARGET VEHICLE, and third vehicle were sealed and towed to a secure area pending search warrants.

f. Law enforcement interviewed BLACKIE at the hospital. BLACKIE stated, BEGAY and TYLER asked him to give them a ride into Farmington. BLACKIE had not consumed any alcohol prior to driving. BLACKIE does not drink alcohol due to a liver transplant years prior. BLACKIE admitted to smoking marijuana several days prior. BLACKIE was aware that BEGAY and TYLER brought bags of alcoholic beverages with them when getting into the TARGET VEHICLE.

g. BLACKIE was transported to San Juan Regional Medical Center (SJRMC) after the incident. SJRMC medical records indicated BLACKIE was diagnosed and treated for chest pain. BLACKIE's urine toxicology results were presumptive positive for Cannabinoid, Amphetamine, and 3,4-methylenedioxy-methamphetamine (MDMA) .

h. BEGAY was also interviewed at the hospital by law enforcement and identified herself as JANE DOE and W.B.'s mother. BEGAY stated W.B. was in a car seat in the back seat and JANE DOE was riding on TYLER's lap in the front seat of the TARGET VEHICLE prior to the crash.

      i.    Your affiant did not see any illegal substances, drug paraphernalia, other items known to hold drugs or a car seat on the scene of the accident. It is my belief that illegal substances, drug paraphernalia, other items known to hold drugs, or a car seat may still be in the TARGET VEHICLE.

5.    Based on my training and experience, most vehicles manufactured after 2012 are equipped with an Event Data Recorder (EDR). According to NMSP Crash Reconstruction experts who investigated the scene, the TARGET VEHICLE is likely equipped with an EDR.

6.    Based on information provided within this affidavit, your affiant believes that evidence of a crime can be found by conducting a search for physical items related to drug or alcohol consumption, including illegal substances, drug paraphernalia, bottles, receipts of purchase, cans, other items known to hold drugs or alcoholic beverages, the presence of car seats, and EDR system technology within the TARGET VEHICLE. Photographs of both the interior and exterior of the vehicle will also assist in the investigation.

7.    The reported incident took place on NR 36 at mile marker 3, Shiprock, New Mexico, GPS coordinates 36.716405, -108.645401, which is within the exterior boundaries of the Navajo Nation, Shiprock, New Mexico. BLACKIE, BEGAY, TYLER, and D.B, are enrolled members of the Navajo Nation.

8.    Currently, the TARGET VEHICLE is located at New Mexico State Police secure impound yard at 1025 W. Navajo St. Farmington, New Mexico.

## BACKGROUND ON EVENT DATA RECORDERS (EDRs)

9. Based on my training and knowledge obtained from New Mexico State Police (NMSP) crash reconstruction agents, the National Highway Traffic Safety Administration (NHTSA), and other law enforcement agents and officers, I have learned the following:

   a. An Event Data Recorder (herein after referred to as an "EDR"), is a device installed in a motor vehicle to record technical vehicle and occupant information for a brief period of time before, during, and after a crash.

   b. EDRs may record (1) pre-crash vehicle dynamics and system status; (2) driver inputs; (3) vehicle crash signature; (4) restraint usage/deployment status; and (5) post-crash data such as the activation of an automatic collision notification (ACN) system.

   c. EDRs record information related to an "event," such as a vehicle crash.

   d. The NMSP has equipment to access the EDRs located in vehicles and download the data therein.

   e. As previously noted, the TARGET VEHCLE is a 2014 Nissan Titan and believed to be equipped with an EDR.

   f. The requested warrant authorizes a later review of the EDR information described herein from the TARGET VEHICLE, which review may continue past the date required for execution of the warrant.

## CONCLUSION

10. Based on the facts set forth in this affidavit, there is probable cause to believe there was a violation of 18 U.S.C. § 1153, crimes committed in Indian Country, and of 18 U.S.C. § 1112 involuntary manslaughter. Because there is probable cause to believe BLACKIE may have committed a crime, and that evidence of such crimes may be found at the TARGET VEHICLE.

8

Therefore, I submit that this affidavit supports probable cause for a warrant to search the TARGET VEHICLE described in Attachment A and seize the items described in Attachment B.

11. Assistant United States Attorney Mia Rubin has approved this application.

12. I swear that this information is true and correct to the best of my knowledge and belief.

_____
Lorraine Hardy, Special Agent
Federal Bureau of Investigation

Electronically SUBSCRIBED and telephonically SWORN to
me this __10th__ day of __April_____, 2024.

_____
HONORABLE B. PAUL BRIONES
United States Magistrate Judge

9

## ATTACHMENT A

The property to be searched is the 2014 white Nissan Titan, bearing VIN number 1N6AA0CC8EN520039 and New Mexico license plate number 076WZY located at New Mexico State Police impound yard at 1025 W. Navajo St. Farmington, New Mexico, identified as the TARGET VEHICLE

This warrant authorizes, *inter alia*, the forensic examination of the Vehicle's infotainment and telematics systems for the purpose of identifying the electronically stored information described as well as physical items of evidence as described in Attachment B.

**ATTACHMENT B**

1. All electronically stored information, on the Vehicle's infotainment and telematics systems and physical items of evidence as described in Attachment A, that involves BLACKIE, BEGAY, and TAYLOR and relates to violations of 18 U.S.C. § 1153, crimes committed in Indian Country and §1112, involuntary manslaughter. The items to be seized cover the period of April 3, 2024.including:

   a. All electronic and/or digital data retrieved from the Event Data Recorder (EDR).
   b. Items related to alcohol consumption, illegal substances, drug paraphernalia, bottles, receipts of purchase, cans, and other items known to hold drugs or alcoholic beverage.
   c. Child restraint devices(s).
   d. Photographs of the interior and exterior of the TARGET VEHICLE.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of the attorneys for the government and their support staff for their independent review.